# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**ADRIAN CHARLES GRANT**, :
:
    Petitioner, :
:
    v. : 5:93-cr-80 (HL)
:
**UNITED STATES OF AMERICA**. :
:
_____

# ORDER

Before the Court is a document entitled "Motion for Nunc Pro Tunc Designation" (Doc. 57) filed by Petitioner Adrian Charles Grant ("Grant"). For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

Grant pled guilty to carjacking and possession of a firearm during a crime of violence in this case on September 13, 1994 (Doc. 38), and he was sentenced by Judge Duross Fitzpatrick ("Judge Fitzpatrick") to 123 months in prison, followed by three years of supervised release (Doc. 44). After the federal sentencing concluded, Grant was returned to State custody, and he was sentenced by the State to a term of 15 years in prison for related State charges. Grant proceeded to appeal the federal district court's increase of his criminal history category, but his sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit on June 24, 1997 (Doc. 54). More than five years later, both an administrator at the Bureau of Prisons ("BOP") and Grant's

1

lawyer wrote Judge Fitzpatrick requesting his input on whether a nunc pro tunc designation was appropriate.[1] The record before the Court does not contain Judge Fitzpatrick's specific response to these requests. However, the record does contain a letter Judge Fitzpatrick wrote in response to a letter from Grant two years later[2] in which Grant "respectfully ask[ed] this Court to reconsider its denial of a nunc pro tunc designation." In Judge Fitzpatrick's letter,[3] he wrote:

> Upon receipt of correspondence from the Bureau of Prisons and at the request of your counsel, I carefully considered the request for a nunc pro tunc designation. I continue to stand by the reasoning of my earlier decision that was laid out in my previous correspondence. The federal sentence you received was not imposed to run concurrent to the state sentence you later received. Consequently the time you served in state custody, from February 1995 to November 2000, is not credited towards your federal sentence. Given the seriousness of the offense committed and the need to deter and punish, the Court is convinced that the federal sentence was adequately imposed.

In his current one-paragraph Motion, Grant asks that Judge Fitzpatrick "reconsider. [sic] His [sic] June 23, 2003[4] decidtion [sic] on Nunc Pro Tunc." The undersigned,

---

[1] John A. Gaither, Regional Inmate Systems Administrator for the BOP, wrote Judge Fitzpatrick on June 6, 2003. (Doc. 55 at 5-6.) Michael L. Chidester, Grant's counsel for his federal case, wrote Judge Fitzpatrick on July 10, 2003. (Doc. 55 at 3-4.)

[2] Grant wrote Judge Fitzpatrick on March 5, 2005. (Doc. 55 at 1-2.)

[3] Judge Fitzpatrick's letter in response to Grant was dated April 29, 2005. (Doc. 56.)

[4] The Court is unclear what decision may have taken place on "June 23, 2003," since the file before the Court contains no letter, order or entry from that date. It is possible that Grant is making reference to a decision that occurred on another date. Regardless, what is clear is that Grant wishes the Court to grant him credit for the time he spent in state custody towards his federal sentence. Thus, the Court will examine that request.

having been assigned to the case in place of Judge Fitzpatrick, will consider Grant's request.

## II.   ANALYSIS

Calculation of a term of federal imprisonment is governed by 18 U.S.C.A. § 3585, which specifies when a sentence commences, see 18 U.S.C.A. § 3585(a) (West 2000), and when a defendant is to be given credit for prior custody. See 18 U.S.C.A. § 3585(b) (West 2000). Grant's claim here is that he served time state prison that should be credited toward his federal sentence. The Supreme Court of the United States has directed that the BOP, acting on behalf of the Attorney General, must make the determination of how much credit is to be given under § 3585(b). United States v. Wilson, 503 U.S. 329, 333 (1992). A defendant who is dissatisfied with the Attorney General's determination must raise his challenge with the BOP, by following a complex administrative process. See 28 C.F.R. §§ 542.10 to 542.19 (2006) (detailing the steps for obtaining administrative review). However, once he has exhausted his administrative remedies, if he is still dissatisfied with the Attorney General's computation, he may seek review in the federal district court. United States v. Wilson, 997 F.2d 208, 209 (6th Cir. 1993).

It is unclear to the Court whether Grant has completely exhausted his administrative remedies. The record, although incomplete, at least indicates that Grant raised the issue of credit for prior custody with the BOP, per the information contained in the June 6, 2003 letter from the BOP to Judge Fitzpatrick. Furthermore, when he received an unfavorable disposition, Grant filed the Motion which is the subject of

reconsideration here. However, even giving Grant the benefit of the doubt that he exhausted all of his required administrative remedies, the Court finds that it is without jurisdiction to consider Grant's challenge to the Attorney General's calculation of credit for prior custody.

The relief sought by Grant's "Motion for Nunc Pro Tunc Designation" is to have the BOP properly credit him for prior custody. His challenge is not with the sentence as it was imposed by the Court, and he does not seek in this Motion to have the sentence, as it was imposed by the Court, vacated or set aside. Thus, Grant does not seek the type of relief contemplated by 28 U.S.C. § 2255 and, therefore, § 2255's mandate that applicants apply for relief to the court which sentenced them does not apply here. Rather, in the Court's view, the relief sought by Grant's Motion is more properly sought pursuant to 28 U.S.C. § 2241.

Section 2241 provides as follows: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C.A. § 2241(a) (West 2006). The proper respondent to a habeas petition is the person who has custody over the petitioner. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242 and 2243). More specifically, "in habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Padilla, 542 U.S. at 435, 124 S. Ct. at 2718. Thus, under the "immediate custodian" rule, the proper respondent to Grant's challenge to length of his confinement is

4

the warden of the prison facility where he is being held. Grant has not named the warden in his Motion and, therefore, the proper party to a challenge to his confinement is not before this Court.

Even if the Court were to construe Grant's Motion as having been brought against the warden of the prison facility where he is being held, this Court would not have jurisdiction to address Grant's challenge. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The "within their respective jurisdictions" language of § 2241 has been construed to require that the court issuing the writ have territorial jurisdiction over the custodian of the petitioner. Id. Here, the prison facility where Grant is being held is located in Pollock, Louisiana. Thus, the relief Grant seeks may only be issued by a district court having territorial jurisdiction over Pollock, Louisiana. This Court lacks such jurisdiction.

In sum, even if Grant has exhausted his administrative remedies, thereby clearing the way for review of the BOP's calculation of his credit for prior custody, this Court is of the opinion that the proper vehicle for such a challenge is a § 2241 petition for writ of habeas corpus, brought against the warden of the prison facility where he is being held, and brought in the district court having territorial jurisdiction over Pollock, Louisiana.[5]

---

[5] The law of the case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citation omitted). This doctrine applies equally to the decisions of a coordinate court in the same case as well as to a court's

5

Grant's "Motion for Nunc Pro Tunc Designation" is not a proper vehicle for the relief sought, and this Court has no authority to grant the relief sought by the Motion.

## III.  CONCLUSION

The "Motion for Nunc Pro Tunc Designation" (Doc. 57) filed by Grant is denied.

**SO ORDERED**, this the 31st day of July, 2007.

 *s/   Hugh Lawson*
**HUGH LAWSON, Judge**

pdl

---

own decisions, and federal courts routinely apply it to transfer decisions of coordinate courts.  Id. The doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled disputes."  Id.  Despite the holes in the record of this case, there is no doubt that Judge Fitzpatrick twice declined to inform the BOP that Grant should receive a nunc pro tunc designation.  Therefore, the Court notes it is possible that other courts may be disinclined to reconsider the issue of nunc pro tunc designation for Grant pursuant to the law of the case doctrine.